## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FADI G. GHANEM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3091 |
| | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Nationstar Mortgage, LLC's ("Nationstar") motion to dismiss Fadi G. Ghanem's claims of negligent misrepresentation, violations of the Real Estate Settlement Procedures Act ("RESPA"), and violations of the Texas Property Code for failure to state a claim for which relief can be granted. Dkt. 5. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

This case relates to a foreclosure proceeding initiated by Nationstar. Ghanem entered into a contract with Lehman Bros. Bank, F.S.B. on or about September 28, 2007, for the purchase of a house located at 38 West Braes Bridge Circle, Spring, Texas. Dkt. 1-2. On or around January 2011, Ghanem states that he began to experience unexpected financial issues related to a divorce and a reduction in income. *Id.* He allegedly contacted Aurora Bank, F.S.B. ("Aurora"),[1] Nationstar's

---

[1] The petition does not indicate when the note was transferred to Aurora. *See* Dkt. 1-2.

predecessor in interest, to work out loan alternatives. *Id.* Ghanem alleges that a representative of Aurora[2] informed him that he "would need to make a good faith payment on his mortgage" as a prerequisite for any loan restructuring. *Id.* Ghanem also alleges that "[he] was forwarded documents and information" related to the "Home Affordable Modification Program" ("HAMP"). *Id.* Ghanem accordingly attempted to address the problems with his loan repayment according to the HAMP instructions. *Id.*

Subsequently, Aurora went bankrupt, resulting in the transfer of Ghanem's mortgage to Nationstar. *Id.* Ghanem alleges that Nationstar mailed him a "debt validation letter," prompting him to respond with a "debt validation dispute." *Id.* Nationstar allegedly failed to respond to the "debt validation dispute" and a subsequent "qualified written request" ("QWR") for information before giving notice in July 2014 that it was foreclosing on Ghanem's mortgage. *Id.* Ghanem asserts that the foreclosure posting was cancelled due to "obvious disputes" regarding his loan and his continued correspondence with Nationstar in an attempt to correct his loan delinquency. *Id.* Between August and September 2014, Ghanem alleges that he sent messages to Nationstar's Loss Mitigation Department without receiving any response. *Id.*

Ghanem filed this lawsuit in state court in October 2014. *Id.* He asserts claims against Nationstar for negligent misrepresentation, violations of RESPA, and violations of the Texas Property Code. *Id.* As a result of Nationstar's alleged failure to communicate correct information about Ghanem's loan, Ghanem claims that he has become delinquent on his mortgage payments and

---

[2] Nationstar does not appear to dispute that Aurora's representations to Ghanem can be imputed to Nationstar.

that he has suffered a lowered credit score, a "clouding of the title" to his home, loss of equity in his home, and lost time in futilely attempting to restructure the loan agreement. *Id.*

Nationstar claims that Ghanem's pleadings fail to allege adequate facts to satisfy the standard for a well-pleaded complaint, and that the suit must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 5. Ghanem has responded to Nationstar's motion to dismiss, and Nationstar has submitted a reply. Dkt. 9; Dkt. 11. The motion is ripe for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "detailed factual allegations are not required, . . . but . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citation and quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* A court deciding a motion to dismiss may consider the exhibits attached to or incorporated in the plaintiff's complaint. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

When a plaintiff's complaint fails to meet the above standard, a district court should generally allow the plaintiff to amend the complaint under Federal Rule of Civil Procedure 15(a) before dismissing the action with prejudice. *Owens v. BAC Home Loans Servicing, L.P.*, No.

3

H–11–2742, 2013 WL 1345209, at *2 (S.D. Tex. 2013) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, the court should not allow such an amendment if "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co.*, 313 F.3d at 329.

### III. ANALYSIS

Nationstar argues that Ghanem's claim for negligent misrepresentation should be dismissed due to the economic loss rule. Dkt. 5 at 7–8. Nationstar also asserts that Ghanem has failed to support each of his claims with sufficient factual allegations to survive a motion to dismiss. Nationstar thus moves the court to dismiss Ghanem's claims for negligent misrepresentation, RESPA violation, and Texas Property Code violation pursuant to Rule 12(b)(6). *Id*.

### A.    Negligent Misrepresentation

Ghanem alleges that Nationstar had a duty to inform him of the status of his modification application and failed to use reasonable care in communicating the status of his modification application. Dkt. 1-2. Ghanem asserts that he lost equity in his home and that he could have avoided foreclosure if Nationstar had not delayed. *Id.* Ghanem also conclusorily alleges that Nationstar made false representations to him regarding his mortgage and the foreclosure sale.[3]

In order to sustain a claim of negligent misrepresentation, a plaintiff must allege facts demonstrating "(1) the defendant made a representation in the course of its business; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the

---

[3] It is unclear whether the paragraph alleging a representation that was false is supposed to be in Ghanem's petition or is leftover from a previous petition, as it refers to Ghanem as "her." *See* Dkt. 1-2. There are several similar errors throughout the petition.

defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Owens*, 2013 WL 1345209, at *4 (quoting *Martin K. Eby Constr. Co. v. LAN/STV*, 350 S.W.3d 675, 688 (Tex. App.—Dallas 2011), *rev'd on other grounds*, *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234 (Tex. 2014)).

Nationstar argues that Ghanem has not stated a claim for negligent misrepresentation because (1) the economic loss rule precludes a claim in tort that arises from the parties' contractual relationship; and (2) Nationstar did not owe Ghanem a duty. Dkt. 5. First, the court cannot ascertain from the facts alleged what affirmative misrepresentation Nationstar allegedly made. Rather, Ghanem seems to be concerned that Nationstar failed to make a representation by failing to communicate with him about his application. Under Texas law, "when circumstances impose upon a party a duty to speak an the party remains silent, the silence itself can be a false representation." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997). Here, however, the petition does not clearly indicate why Nationstar had a duty to inform Ghanem of the status of his HAMP application. Moreover, if the petition stated that Nationstar had a duty to inform Ghanem of the status of his HAMP modification application, Ghanem cannot overcome the economic loss rule. Any duty to keep Ghanem informed most certainly arose out of his contractual relationship with Nationstar, and all loss alleged would be recoverable in an action for breach of contract. *See Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 382–83 (Tex. App.—Tyler 2009, pet. denied) ("Under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages[.] In other words, the economic loss rule precludes recovery of economic losses in negligence when the loss is the subject matter of the contract between the

5

parties.") (internal citations omitted).   Nationstar's motion to dismiss Ghanem's negligent misrepresentation claim is GRANTED.

**B.     RESPA**

Ghanem asserts that Nationstar violated section 6(f) of RESPA along with several of the regulations that the Consumer Financial Protection Bureau promulgated in 2013—12 C.F.R. §§ 1024.35, 1024.39, and 1024.41.  Dkt. 1-2 at 8–9; *see Lucas v. Ocwen Home Loan Servicing*, No. 3:13-cv-1057-G, 2014 WL 7059274, at *4 (N.D. Tex. Nov. 21, 2014) (discussing the 2011 amendments to RESPA and the 2013 regulations extensively).  Ghanem alleges that Nationstar: (1) "[F]ail[ed] to provide Plaintiffs with a specific reason or reasons for Nationstar's determinations" in foreclosing on Ghanem's mortgage; (2) "fail[ed] to provide accurate information to [Ghanem] for loss mitigation options and foreclosure as required by 12 C.F.R. § 1024.39"; (3) "fail[ed] to provide [Ghanem] with a specific reason or reasons for denial of all loan workout alternatives prior to posting [his] home for foreclosure"; and (4) "mov[ed] for foreclosure judgment or order of sale or conduct[ed] a foreclosure sale prior to providing a specific reason or reasons for denial of all loan workout alternatives."  Dkt. 1-2 at 8–9.  In a prior section of the petition, Ghanem also alleges that his counsel "contacted [Nationstar] regarding . . . the fact that after ten (10) months the Defendant had failed to properly respond to the [QWR]."  *Id.* at 6.

Section 6(e) of RESPA relates to the duty of a loan servicer to respond to borrower inquiries. 12 U.S.C. § 2605.  It requires servicers who receive a QWR from the borrower for information relating to the servicing of the loan to provide a written response acknowledging receipt of the correspondence within five days and outlines what the request must contain to be a QWR.  *Id.* § 2605(e)(1)(A)–(B).  The next subsection requires the servicer to act within thirty days of receiving

the QWR by, among other things, conducting an investigation. *Id.* § 2605(e)(2). The servicer must provide the borrower with a written explanation or clarification after the investigation. *Id.* The servicer may not report any overdue payment owed by the borrower relating to the period discussed in the QWR to any consumer reporting agency during the sixty-day period after receipt of the QWR. *Id.* § 2605(e)(3). Section 6(f) relates to damages and costs that a borrower may be entitled to if the loan servicer does not comply. *Id.* § 2605(f).

Section 1024.35 of the Code of Federal Regulations relates to error resolution procedures. 12 C.F.R. § 1024.35. It defines the "errors" that borrowers may assert in a QWR, requires the servicer to acknowledge in writing its receipt of the notice of error within five days, and provides timing on the investigation or correction of certain types of errors. *Id.*

Section 1024.39 of the Code of Federal Regulations requires a servicer to "establish or make good faith efforts to establish live contact with a delinquent borrower not later than the 36th day of the borrower's delinquency and, promptly after establishing live contact, inform such borrower about the availability of loss mitigation options if appropriate." 12 C.F.R. § 1024.39(a). It also requires written notice of delinquency within a certain timeframe as well as instructions on the contents of that notice. *Id.* § 1024.39(b).

Section 1024.41 of the Code of Federal Regulations provides instructions on loss mitigation procedures. 12 C.F.R. § 1024.41. This section does not require that the servicer provide the borrower with any specific loss mitigation options. *Id.* It provides procedures and timing for reviewing loss mitigation applications and requires the servicer to notify the borrower in writing within five days of receipt of the application. *Id.* If the application is denied, the servicer must notify the borrower of the specific reasons. *Id.* It also provides certain restrictions on foreclosure

sales if a borrower submits a complete loss mitigation application after notice of foreclosure but not more than 37 days before the sale. *Id.*

Nationstar argues that Ghanem fails to allege any factual underpinning for his assertions regarding Nationstar's violation of RESPA and the related regulations. Dkt. 9 at 9–10. Specifically, Nationstar asserts that Ghanem has not stated what information was missing or inaccurate or what loan modification options were denied without explanation. *Id.* at 10. Nationstar further asserts that Ghanem's allegation that Nationstar did not respond to his loan modification application "is refuted conclusively" by documents attached to Ghanem's Original Petition. Dkt. 5 at 4. The document in question, labeled Exhibit "B," is an unsigned "Loan Modification Agreement" included in correspondence between Ghanem's agent and Nationstar. Dkt. 1-2 at 20.

The court agrees that Ghanem's petition and attached documents fail to allege adequate facts to support the legal conclusion that Nationstar violated RESPA and the cited regulations. First, the fact that Ghanem attached an unsigned loan modification agreement to his petition indicates that a loss mitigation option was provided. Second, the series of events listed in the petition do not contain enough detail for the court to ascertain what portions of the regulations or statute Ghanem alleges Nationstar failed to follow. Simply citing these extensive regulations without stating how Nationstar allegedly violated them is not sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678. And even the portions where Ghanem alleges some detail are unclear as to how the alleged conduct was a violation of RESPA or the regulations. For instance, Ghanem alleges that Nationstar "failed to

properly respond" to his QWR after ten months, but he does not state why the response was improper.[4]  *See id*.

The facts presented by Ghanem fail to meet the standard enunciated in *Iqbal* and, therefore, Nationstar's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.  If Ghanem in good faith believes that he can amend his petition to successfully allege a claim for RESPA violations, he may file an amended complaint that sets forth the specific subsections of the regulations that Ghanem alleges were violated and states what Nationwide allegedly did or failed to do that violated those subsections.  Simply attaching documents to the petition in the hopes that the court will match them up to the statutes and figure out why they were violations will not suffice.  The amended complaint must be filed within fourteen days of entry of this opinion and order.

**C.     Wrongful Foreclosure Under the Texas Property Code**

Ghanem alleges that Nationstar failed to adhere to the Texas Property Code's procedural requirements before initiating a foreclosure proceeding on Ghanem's mortgage.  Dkt. 1-2 at 9. Specifically, Ghanem alleges that Nationstar failed to provide the requisite twenty days' notice and opportunity to cure the default before giving notice of sale.  Dkt. 1-2 at 10.  Instead, Ghanem alleges that Nationstar gave notice of default and notice of sale simultaneously.  *Id.*

Nationstar counters that Ghanem has not alleged sufficient facts to constitute a cognizable violation of the Texas Property Code.   Dkt. 9 at 10.   Nationstar further argues that the correspondence attached as exhibits and incorporated by reference into Plaintiff's Original Petition refutes Ghanem's allegation that he was not given twenty days to cure the default.  *Id.*  Nationstar's

---

[4]  Ghanem's petition states that the QWR is attached as Exhibit E, but there is no Exhibit E between Exhibits D and F.  *See* Dkt. 1-2 at 32–35.

notice of default (labeled Exhibit D) is dated May 8, 2014.  Dkt. 1-2 at 33.  Nationstar argues that Ghanem's own Petition states that the sale was scheduled for October 7, 2014 and, therefore, Ghanem had well over 20 days to cure the default.  Dkt. 9 at 10.

Texas Property Code § 51.002 provides that a debtor in default under a mortgage must be served with written notice by certified mail that the debtor is in default and will have twenty days to cure the default before a notice of sale can be given.  Tex. Prop. Code § 51.002(d).  If Nationstar did not wait give Ghanem twenty days to cure the default after sending the notice of default before it sent him a notice of sale, then Nationstar technically violated § 51.002(d) even if Ghanem had more than twenty days before the actual sale to cure the default.  *See Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 473 (S.D. Tex. 2012) (Rosenthal, J.) ("Strict compliance is required with the Texas Property Code's nonjudicial foreclosure notice requirements.").

Because Ghanem's factual allegations regarding the alleged violation of the Texas Property Code meet the pleading standard.  Nationstar's motion to dismiss Ghanem's claim for violation of the Texas Property Code is DENIED.

10

## IV. CONCLUSION

For the foregoing reasons, Nationstar's motion to dismiss Ghanem's claims for negligent misrepresentation and violations of RESPA is GRANTED. Ghanem may file an amended petition correcting the defects giving rise to this dismissal within fourteen (14) days of the date of this order. Nationstar's motion to dismiss Ghanem's claim for violation of the Texas Property Code is DENIED.

Signed at Houston, Texas on April 28, 2015.

_____
Gray H. Miller
United States District Judge

11