UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fadi G. Ghanem, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-3091 |
| | § | |
| Nationstar Mortgage, LLC | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Nationstar Mortgage LLC (**Nationstar** or **defendant**) moves for summary judgment on plaintiff's only remaining claim: that Nationstar allegedly violated Chapter 51 of the Texas Property Code. The summary judgment evidence, including plaintiff's deemed admissions, shows Nationstar properly sent the notices required by the Property Code. Nationstar respectfully requests the court grant this motion for summary judgment.

### I.   NATURE AND STAGE OF THE PROCEEDING

Plaintiff Fadi G. Ghanem (**plaintiff** or **Ghanem**)'s loan is due for the November 1, 2011 payment.[1] Plaintiff filed this suit on October 6, 2014 to stop a foreclosure claiming negligent misrepresentation, violation of the Real Estate Settlement Procedures Act (**RESPA**), and violation of the Texas Property Code.[2]

On April 28, 2015, the court partially granted defendant's motion to dismiss[3] and dismissed plaintiff's claims for negligent misrepresentation and RESPA violations.[4] The court granted plaintiff leave to amend by May 12, 2015,[5] but plaintiff did not file an amended

---

[1] *See* Ex. B. Aff. of Fay Janati, ¶ 7.
[2] *See* Pl.'s Original Pet. ¶¶ 5.1-6.13.
[3] *See Defendant's Motion to Dismiss for Failure to State a Claim*, Docket No. 5.
[4] *See* Memorandum and Order (**Order**), Docket No. 14.
[5] *See* Order, Docket No. 14, at 11.

complaint. Plaintiff's only remaining claim is for violation of the Texas Property Code.[6] Plaintiff also seeks injunctive relief.[7]

On March 19, 2015, Nationstar served plaintiff with written discovery requests including requests for admissions relating to the essential elements of plaintiff's claims.[8] Plaintiff did not serve responses to Nationstar's discovery requests.[9] Nationstar's requests for admission were deemed admitted on April 21, 2015, and the discovery period has closed.[10]

## II.   ISSUE TO BE RULED UPON

1. Plaintiff's admissions show Nationstar did not violate the Texas Property Code;

2. There is no evidence Nationstar violated the Texas Property Code or the Deed of Trust as all required pre-foreclosure notices were properly sent; and

3. Plaintiff is not entitled to injunctive relief.

## III.   SUMMARY JUDGMENT EVIDENCE

In support of this motion, Nationstar relies on the following summary judgment evidence:

| | |
|---|---|
| Exhibit A: | Affidavit of Walter McInnis |
| | Exhibit A-1: Nationstar's Discovery Requests (with attachments) |
| | Exhibit A-2: March 19, 2015 letter |
| | Exhibit A-3: Domestic Return Receipt. |
| Exhibit B: | Affidavit of Fay Janati |
| | Exhibit B-1: Deed of Trust |
| | Exhibit B-2: Note |
| | Exhibit B-3: June 12, 2013 Notice of Default |

---

[6] *See* Order, Docket No. 14 at 11; *see also* Pl.'s Original Pet. ¶¶ 5.1-6.13.
[7] Pl.'s Original Pet.
[8] *See* Ex. A, Aff. of Walter McInnis; *see* Ex. A-2, March 19, 2015 letter enclosing discovery requests; *see* Ex. A-1, Nationstar's Discovery Requests, Ex. A-3; *see* Domestic Return Receipt.
[9] *See* Ex. A, Aff. of Walter McInnis, ¶ 4.
[10] *See* Docket No. 15.

       Exhibit B-4:  May 8, 2014 Notice of Default

  Exhibit C:     Affidavit of Cheryl Clede

       Exhibit C-1:  June 10, 2014 Notice of Acceleration and Notice of Sale

## IV.   STATEMENT OF RELEVANT FACTS

### A.   Plaintiff's Default.

On September 28, 2007, plaintiff executed a deed of trust (**deed of trust**) granting a first lien security interest in property located at 38 Bracebridge Circle, Spring, Texas 77382 (**property**).[11] The deed of trust secured repayment of a note in the original principal amount of $774,000, plus interest (**note**).[12]

Plaintiff defaulted on the note and deed of trust (collectively the **loan**) by failing to make the payment due on November 1, 2011 and each payment due thereafter.[13] By letter dated June 12, 2013, Nationstar sent a notice of default to plaintiff advising that $259,997.36 was required to cure his default, and he had thirty days to cure his default or the loan would be accelerated.[14] Nationstar sent plaintiff a subsequent notice of default dated May 8, 2014 to the property and his mailing address.[15] The May 8, 2014 notice of default also advised that plaintiff had thirty days to cure his default, and if he did not cure his default, Nationstar would accelerate the loan.[16]

Plaintiff did not cure his default. Shapiro & Schwartz, foreclosure counsel for Nationstar, sent plaintiff and his attorney a notice of acceleration and notice of sale on June 10, 2014 advising that the property was scheduled for foreclosure sale on July 1, 2014.[17]

---

[11] *See* Ex. B-1, Deed of Trust.
[12] *See* Ex. B-2, Note.
[13] *See* Ex. B, Aff. of Fay Janati, ¶ 7.
[14] Ex. B-3, June 12, 2013 Notice of Default.
[15] Ex. B-4, May 8, 2014 Notices of Default.
[16] *Id.*
[17] Ex. C-1, June 10, 2014 Notice of Acceleration.

No foreclosure sale has occurred; plaintiff has retained title to, and possession of, the property.[18] Plaintiff failed to exercise his contractual right to reinstate the loan.[19] Instead, plaintiff filed this lawsuit. Plaintiff's only remaining claim is that Nationstar violated the Texas Property Code by allegedly not providing plaintiff with the required twenty days to cure before providing notice of foreclosure sale.[20]

**B.  Defendant's Discovery Requests to Plaintiff.**

In an effort to investigate the veracity of plaintiff's claims, Nationstar served plaintiff with written discovery requests, including requests for admission, on March 19, 2015.[21] Plaintiff's deadline to respond to this discovery, including the requests for admissions, was April 21, 2015. *See* Fed. R. Civ. P. 6(d), 36(a). As of the date of the filing of this motion, plaintiff has not served objections or responses to Nationstar's requests.[22]

Plaintiff admits the following:

a.  Plaintiff defaulted on the loan as a result of his failure to make all payments due and owing;[23]

b.  Plaintiff was served with notice that the loan was in default, that plaintiff had thirty days to cure the default, and if plaintiff did not cure the default, the maturity of the loan would be accelerated;[24]

c.  Plaintiff did not cure the default as required by the notice of default;[25]

d.  The loan was accelerated;[26]

e.  Plaintiff was served with a notice of acceleration and notice of foreclosure sale set for July 1, 2014—providing plaintiff with thirty days to cure default before

---

[18] Ex. B, Aff. of Fay Janati, ¶ 7; Ex. A-1, Nationstar's Discovery Requests Nos. 48, 53.
[19] Ex. A-1, Nationstar's Discovery Requests Nos. 49-50.
[20] *See* Pet. ¶ 6.10-6.13; *see also* Order, Docket No. 14.
[21] *See* Ex. A, Aff. of Walter McInnis, ¶ 3; *See* Ex. A-2, March 19, 2015 letter; *see* Ex. A-2, Nationstar's Discovery Requests; *see* Ex. A-3, certified mail receipt.
[22] *See* Ex. A, Aff. of Walter McInnis, ¶ 4.
[23] *See* Ex. A-2, Nationstar's Discovery Requests No. 15.
[24] *See* Ex. A-2, Nationstar's Discovery Requests Nos. 24-27.
[25] *See* Ex. A-1, Nationstar's Discovery Requests No. 34.
[26] *See* Ex. A-1, Nationstar's Discovery Requests No. 37.

noticing the sale and giving plaintiff at least twenty-one days' notice before the sale;[27] and

g.  Plaintiff has suffered no damages as a result of any act or omission of Nationstar.[28]

## V.   STANDARD OF REVIEW

**A.   Summary Judgment Standard.**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact."  *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *See Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case.  *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response."  *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

---

[27] *See* Ex. A-1, Nationstar's Discovery Requests Nos. 39-41.
[28] *See* Ex. A-1, Nationstar's Discovery Requests No. 1.

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**B.     Effect of the Plaintiff's Failure to Respond to Requests for Admission.**

A party may "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the [general scope of discovery] relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a). This rule provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . . A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

FED. R. CIV. P. 36.

Under Rule 36(b), if the party fails to respond to a request for admission within thirty days, the matter is deemed admitted. *See Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). A matter admitted under Rule 36 is conclusively established. FED. R. CIV. P. 36(b). A party may therefore rely on the other party's admissions to support a motion for summary judgment. *Hill*, 197 F. App'x at 336 ("[I]f the requests for admissions concern an essential issue, the failure to respond to requests for

admission can lead to a grant of summary judgment against the non-responding party."); *Hulsey*, 929 F.2d at 171. The other party is then prohibited from rebutting the admissions through affidavits or other summary judgment evidence. *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1996).

## VI. ARGUMENT AND AUTHORITIES

### A. Nationstar properly sent notices required by the Property Code and deed of trust.

Plaintiff alleges Nationstar violated the Texas Property Code by not providing plaintiff twenty days to cure his default before providing notice of foreclosure sale.[29]

Section 51.002 of the Tex. Prop. Code requires a mortgage servicer to serve a debtor with written notice of default giving the debtor at least twenty days to cure the default before a notice of foreclosure sale may be given. Tex. Prop. Code § 51.002(d). The deed of trust enlarges the twenty-day cure period to a thirty-day cure period.[30] If the default is not cured in the time and manner specified in the notice, the mortgage servicer is entitled to accelerate the maturity of the loan and provide a notice of foreclosure sale. *Id.* §§ 51.002(b), (d). Service of notice under § 51.002 is "complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e).

Nationstar served plaintiff with a notice of default on May 8, 2014, providing plaintiff with the amount of his default, thirty days to cure his default, and providing that if plaintiff did not cure his default within thirty days, the loan would be accelerated.[31] Plaintiff admits he received this notice but failed to cure his default.[32] After plaintiff failed to cure his default during the thirty-day cure period, foreclosure counsel for Nationstar, Shapiro & Schwartz, sent

---

[29] *See* Pet. ¶ 6.10-6.13.
[30] *See* Ex. B-1, Deed of Trust ¶ 22.
[31] *See* Ex. B-4, May 8, 2014 Notice of Default.
[32] *See* Ex. A-1, Nationstar's Discovery Requests Nos. 27-31, 34.

plaintiff and plaintiff's attorney a Notice of Acceleration and Posting.[33] The notice of acceleration and notice of sale was sent more than thirty days after the notice of default.[34] Plaintiff admits he received the notice of acceleration and notice of foreclosure sale.[35] The summary judgment evidence shows Nationstar provided plaintiff over twenty days to cure before notifying plaintiff of the foreclosure sale. Nationstar did not violate the Texas Property Code, and it is entitled to summary judgment.

### B. Plaintiff is not entitled to injunctive relief.

Plaintiff lacks any basis for injunctive relief. The summary judgment evidence shows Nationstar sent the required notices and defendant is entitled to summary judgment on plaintiff's only remaining claim.

To be entitled to injunctive relief, plaintiff must show: (**1**) he will suffer imminent and irreparable injury, (**2**) there is no adequate remedy at law, (**3**) he has a likelihood of success on the merits of his causes of action, (**4**) there is an unbalance of hardships, and (**5**) the public's interest requires the injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *eBay Inc v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Without a viable claim against Nationstar, plaintiff has no basis for injunctive relief. *Sgroe v. Wells Fargo Bank*, 941 F.Supp.2d 731, 751 (E.D. Tex. 2013). The summary judgment evidence establishes that Nationstar sent all required foreclosure notices in accordance with the Texas Property Code. Plaintiff, therefore, cannot establish a likelihood of success on the merits of his only remaining cause of action. Nationstar is entitled to summary judgment.

---

[33] *See* Ex. C-1, June 10, 2014 Notice of Acceleration.
[34] *Id.*
[35] *See* Ex. A-1, Nationstar's Discovery Requests Nos. 39, 41-45.

## VII.   PRAYER

Defendant requests this court enter summary judgment in defendant's favor and that plaintiff take nothing by way of his claims and for any and all other relief to which defendant shows itself justly entitled.

Date: July 20, 2015                                        Respectfully submitted,

           */s/ Alan F. Arnold*
Walter McInnis, *Attorney-in-Charge*
SBN:  24046394, FBN: 588724
C. Charles Townsend, *Of Counsel*
SBN:  24028053, FBN: 1018722
Alan F. Arnold, *Of Counsel*
SBN: 24064834, FBN: 989117
walter.mcinnis@akerman.com
charles.townsend@akerman.com
alan.arnold@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT NATIONSTAR MORTGAGE LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2015, a true and correct copy of the foregoing document was served as follows:

**VIA ECF**
LaToya Jarrett
Shackelford & Associates, L.L.C.
1406 Southmore Blvd.
Houston, Texas 77004
jarrett.latoyap@gmail.com

*Attorney for Plaintiff*

                                          */s/ Alan F. Arnold*
                                          Alan F. Arnold