UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FADI G. GHANEM** § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| § | | |
| **v.** § | | Civil Action No. 4:14-cv-03091 |
| § | | |
| **NATIONSTAR MORTGAGE, LLC,** § | | |
| *Defendant,* § | | |
| § | | |
| § | | |
| § | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**:

Comes Now, Plaintiff Fadi G. Ghanem, and files his Response in Opposition to Defendant's Second 12(b) (6) Motion to Dismiss and would show the Court the following:

### I.     INTRODUCTION AND BACKGROUND

1.     Defendant's Motion for Summary Judgment attempts to dismiss Plaintiff's claim under the Texas Property Code due to lack of responses to requests for Admissions. However, Defendant's counsel never attempted a certificate of conference with Plaintiff's counsel in an attempt to secure responses to its request for admissions and ultimately, Plaintiff responded to Defendant's requests for admissions on August 9, 2015.[1]

2.     Furthermore, Plaintiff's claim for violations of the Texas Property Code is a plausible claim for relief based on Defendant's failure to meet the requirements under Section 51.002.

---

[1] See Exhibit 1 attached herein and fully incorporated by reference.

Under the Texas Property Code, a mortgagee must serve notice of default, acceleration, and notice of foreclosure sale separately and the amount of the default must be accurate in order for the borrower to cure the default. Plaintiff asserts that due to the Defendant's failure to apply accurate tax payments to his escrow account the alleged default amount on Defendant's notice of default and acceleration are inaccurate and Defendant failed to allow Plaintiff 20 days to cure the default because it served notice of acceleration and notice of sale simultaneously.[2] The issue of the tax discrepancy in Plaintiff's escrow account is one of importance, as Defendant asserts Plaintiff's negative escrow is due in huge part to Plaintiff's failure to pay his property taxes in 2010 and 2011 and failure to maintain insurance on the property, while the Montgomery County Tax Office Record reflect that Plaintiff paid all $91,450.94 of his property taxes in 2010 and 2011.[3] Moreover, Plaintiff asserts that he maintained his own private homeowner's insurance against the property during the years of dispute with Defendant. On or about September 10, 2013, through counsel, Plaintiff brought the issue of his tax discrepancy and insurance discrepancy ("escrow discrepancies) to Defendant's attention.[4] Unfortunately, Defendant failed to remedy the escrow inaccuracy, and served Plaintiff with a notice of default, acceleration, and notice of sale reflecting an incorrect cure amount for Plaintiff to reinstate his loan. For these reasons, the Court should deny Defendant's Second Motion to Dismiss.

## II.  LEGAL STANDARD OF REVIEW

**A.  Summary Judgment, Rule 56**

3.     Summary judgment is appropriate only if no genuine issues of material fact exist, and only then is the moving party entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

---

[2] See Exhibit 2 attached herein and fully incorporated by reference.
[3] See Exhibit 3 attached herein and fully incorporated by reference.
[4] See Exhibit 4 attached herein and fully incorporated by reference.

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001).

4. "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002). A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

### Defendant's Motion for Summary Judgment is Improper

5. Although summary judgment is proper in a case in which there is no genuine dispute of material fact, this is not a case in which the Court should grant Summary Judgment. Fed R. Civ. P 56(a); *Ce/otex Corp. v. Catrett,* 477 U.S. 317, 322, 1986. It is well established that a Defendant moving for summary judgment on a Plaintiff's claim must demonstrate the absence of a genuine dispute of material fact by either (1) submitting Summary-Judgment evidence that negates the existence of a material fact of Plaintiff's claim or (2) showing there is no evidence to support an essential element of the Plaintiff's claim. *J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996); *Celotex Corp.,* 477 US, at 322-23.

6. Defendant cannot rely on conclusory statements to establish that Plaintiff has not presented evidence on an essential element of his claim. Rather, Defendant must demonstrate the absence of a genuine dispute. *Celotex Corp., 411* U.S. at 324-25. Only if Defendant meets its

3

burden is Plaintiff required to respond by Summary-Judgment proof to show a genuine dispute of material fact. Fed. R. Civ. P.56(e)(3).

7. In determining whether there is a genuine dispute of material fact that prevents Summary Judgment, a court must consider all evidence in the light most favorable to Plaintiff as the non-movant. *Garcia v. Pueblo Country Club,* 299 F.3d 1233, 11236-37 no" Cir. 2002). The court must also resolve all reasonable doubts about the facts in favor of plaintiff as non-movant. *Cooper Tire & Rubber Co. v. Farese,* 423 F.3d 446, 455-456 (5th Cir. 2005).

### III.   ARGUMENTS AND AUTHORITIES

#### A.   Plaintiff's Texas Property Code Claim Create a Genuine Dispute as To a Material Fact

8. Defendant claims Plaintiff has no claim under the *Texas Property Code* because it abided by section 51.002 of the Texas Property Code. However, Texas Property Code §51.002 lists several pre-requisites mortgagees must fulfill before instituting foreclosure proceedings, including acceleration, of which, Defendant failed to fulfill. In Plaintiff's petition, Plaintiff alleges that the attempted foreclosure was wrongful because Defendant did not abide by the notice rules of the Plaintiff's mortgage loan as required by the express terms of the Deed of Trust and by Chapter 51 of the Texas Property Code. Specifically, Plaintiff's claim that Defendant did not respond to their request for loss mitigation and instead, posted his home for sale which was premature because they had a right to settle these disputes before the Defendant went forward with foreclosure proceedings. Defendant did not comply with the statutory requirements of notice and duty to respond to client inquiries.

Section 51.002 (d) of the Texas Property Code states:

> (d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20-day notice period.

9. A mortgage servicer must comply with all provisions of §51.002 of the Texas Property Code in order for a valid right to foreclose to arise. The property code provides that notice of default has a 20-day notice period separate and independent of the 21-day notice period required for notice of sale.

10. Here, Defendant served the notice of acceleration and sale simultaneously and also prior to resolving clear and identifiable escrow errors in Plaintiff's mortgage account. The Defendant's circumvention of the Texas Property Code stripped Plaintiff of his right to cure the mortgage default within 20-days after receipt of notice of default because notice of sale was sent at the same time. Defendant has not shown proof of its compliance with §51.002 of the Texas Property Code. In fact, Defendant admitted it served notice of acceleration and notice of sale on June 10, 2014 (*Defendant's Motion for Summary Judgment, Pg. 3, Section A*). These facts alone create a genuine dispute of material fact. Plaintiff pled a genuine issue that put Defendant on notice about the dispute concerning meeting the requirements of the Texas Property Code in its action to sale the Plaintiff's home under a power of sale conferred by a deed of trust. Considering the strict provisions applied to mortgage servicers under the Texas Property Code it would be an egregious error to dismiss Plaintiff's claims in his Original Petition. Given the

uncompromising "sale of real property" rules under the Texas Property Code, Plaintiff's pleadings are plausible issues are unresolved as to Defendant's compliance with §51.002 (d) of the Texas Property Code.

11.    Moreover, due to Defendant's failure to credit Plaintiff's escrow account properly for taxes and insurance paid by Plaintiff in 2010 and 2011, the face of any notice of default and acceleration is flawed.  Specifically, at minimum, any cure amount listed on Defendant's notice of default or acceleration is incorrect by a $91,450.94 escrow impound.[5]  Thus, as to this issue, Defendant's Motion for Summary Judgment should be denied.

### B.    Plaintiff's Response to Admissions creates a genuine Dispute as to a Material Fact

12.    Defendant's counsel did not contact Plaintiff's counsel regarding obtaining responses to admissions and Defendant failed to file a motion to deem admissions admitted. [6] As such, Plaintiff's service of responses to admissions on Defendant on August 10, 2015 cures the defect of Plaintiff's missing responses to admissions under Fed. R. Civ. P. 36(a).  Therefore, Defendant cannot use the defense that Plaintiff failed to responded to admissions as a basis for summary judgment.  Thus, as to this issue, Defendant's Motion for Summary Judgment should be denied.

### V.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court: 1) deny Defendant's Motion for Summary Judgment;  2) Enter an order that Defendant take nothing by way of this suit; 3) Enter an Order that Plaintiff's claim under the

---

[5] See Exhibit 3

[6] See Exhibit 1

Texas Property Code survive Defendant's Motion for Summary Judgment, and 4) deny Defendant any award of attorney's fees.  Plaintiff further requests that the Court grant Plaintiff all further relief at law and in equity to which he may be justly entitled.

Respectfully Submitted,

**SHACKELFORD & ASSOCIATES, L.L.C.**

**//s//LaToya Jarrett**
**LaToya Jarrett**
SBN: 24073021
Fed. I.D. 1733798
Shackelford & Associates, LLC
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8484-Office
(713) 520-8192-Facsimile
jarrett.latoyap@gmail.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, LaToya Jarrett, do hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel of record under the Federal Rules of Civil Procedure, via electronic filing notification, first class mail and/or facsimile on this August <u>10th</u>, 2015.

<u>//s// LaToya Jarrett</u>

**Walter McInnis**
**Akerman LLP**
**2001 Ross Avenue, Ste. 2550**
**Dallas, Texas 75201**