UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fadi G. Ghanem, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-3091 |
| | § | |
| Nationstar Mortgage, LLC | § | |

**NATIONSTAR MORTGAGE LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Nationstar Mortgage LLC replies to plaintiff Fadi G. Ghanem's response to Nationstar's motion for summary judgment and requests the court grant Nationstar's motion.

## I. SUMMARY OF THE ARGUMENT

Nationstar is entitled to summary judgment because plaintiff does not raise a genuine issue of material fact. The undisputed summary judgment evidence conclusively establishes Nationstar sent plaintiff a notice of default and provided plaintiff with more than twenty days to cure his default before Nationstar sent plaintiff the notice of foreclosure sale.

Nationstar's motion should be granted because:

- The summary judgment evidence conclusively establishes Nationstar properly served all required pre-foreclosure notices in accordance with the Texas Property Code, disposing of the only remaining claim against Nationstar.

- Plaintiff's new allegation a notice of acceleration and notice of sale cannot be served simultaneously are not properly before the court and lacks legal merit.

- Plaintiff's new allegation the notice of default violates the Texas Property Code because plaintiff disputes the amount to cure is not properly before the court and lacks legal merit.

- Plaintiff has produced no competent summary judgment evidence.

- Plaintiff's admissions remain admitted. Plaintiff has not followed the Federal Rules of Civil Procedure to amend or withdraw his deemed admissions.

- Nationstar is entitled to summary judgment without considering plaintiff's responses to Nationstar's requests for admissions.

## II.     NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his original petition on October 6, 2014, asserting claims for negligent misrepresentation, violation of the Real Estate Settlement Procedures Act (**RESPA**), violation of the Texas Property Code, and injunctive relief.[1]  The court partially granted Nationstar's motion to dismiss[2] and dismissed plaintiff's claims for negligent misrepresentation and RESPA violations.[3]  The court granted plaintiff leave to amend by May 12, 2015,[4] but plaintiff did not file an amended complaint.  Plaintiff's only remaining claim is for violation of the Texas Property Code.[5]  Plaintiff also seeks injunctive relief.[6]

Nationstar served plaintiff with written discovery requests on March 19, 2015, including requests for admissions relating to the essential elements of plaintiff's claims.[7]  Plaintiff untimely served his responses to Nationstar's discovery requests on August 10, 2015, more than fifteen weeks overdue and the same day he filed his response to Nationstar's motion for summary judgment.[8]  Plaintiff has not moved to withdraw his admissions, nor sought a continuance regarding Nationstar's motion.  Plaintiff's admissions remain admitted.

Plaintiff's response in opposition to Nationstar's motion for summary judgment challenges whether Nationstar violated the Texas Property Code but does not challenge Nationstar's motion for summary judgment against plaintiff's request for injunctive relief.[9]  This

---

[1] *See* doc. 1-2, pl.'s original pet. (**pet.**) ¶¶ 5.1-6.13.
[2] *See* doc. 5, def.'s mot. to dismiss for failure to state a claim.
[3] *See* doc. 14, mem. & order (**order**).
[4] *See* order, at 11.
[5] *See* order, at 11; *see also* pet. ¶¶ 5.1-6.13.
[6] Pet.
[7] *See* doc. 17, Nationstar's mot. for summ. j. (**Nationstar's mot.**), ex. A, aff. of Walter McInnis; ex. A-2, March 19, 2015 letter enclosing discovery requests; *see* ex. A-1, Nationstar's discovery requests, ex. A-3; domestic return receipt.
[8] *See* ex. A, aff. of Walter McInnis ¶ 4; *see* pl.'s resp. to Nationstar's mot. for summ. j. (**pl.'s resp.**), ex. 1, certificate of written disc.
[9] *See generally*, doc. 19, pl.'s resp.

reply is limited to plaintiff's allegations Nationstar is not entitled to summary judgment against plaintiff's claim for violation of the Texas Property Code.

### III.   ARGUMENT AND AUTHORITIES

**A.   Nationstar properly sent all notices required by the Property Code and deed of trust.**

Plaintiff alleges in his petition Nationstar violated the Texas Property Code by not providing plaintiff twenty days to cure his default before providing notice of foreclosure sale.[10] The Texas Property Code requires a mortgage servicer to serve a debtor with a written notice of default giving the debtor at least twenty days to cure the default before a notice of foreclosure sale may be given.  Tex. Prop. Code § 51.002(d).  The deed of trust enlarges the twenty-day cure period to a thirty-day cure period.[11]  Nationstar served plaintiff with a notice of default on May 8, 2014, and Shapiro & Schwartz, Nationstar's foreclosure counsel, served plaintiff with a notice of acceleration and notice of sale on June 10, 2014.[12]  Plaintiff had more than thirty days to cure his default before Shapiro & Schwartz served its notice of sale.[13]  Plaintiff has not identified specific evidence raising a genuine issue of material fact Nationstar did not provide all pre-foreclosure notices in accordance with the Texas Property Code.[14]  *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).  Summary judgment should be granted.

**B.   Plaintiff's new allegations should be disregarded and are unfounded.**

Plaintiff makes several new allegations in his response why Nationstar's motion for summary judgment should be denied.  These allegations cannot be considered as they are not

---

[10] *See* pet. ¶¶ 6.10-6.13.
[11] *See* Nationstar's mot, ex. B-1, deed of trust ¶ 22.
[12] *See* Nationstar's mot. § VI(A) for a detailed explanation regarding the Texas Property Code requirements for service of a notice of default, and Nationstar's compliance with these requirements.
[13] *Id.*
[14] Plaintiff alleges in his response "Defendant's circumvention of the Texas Property Code stripped Plaintiff of his right to cure the mortgage default within 20-days after receipt of notice of default because notice of sale was sent at the same time." Pl.'s resp. ¶ 10, at 5.  Plaintiff does not cite evidence in support of this position and does not provide any evidence to raise a genuine issue of material fact on Nationstar's motion.

properly before the court. *See Cultrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012). Even if the court were to consider plaintiff's new allegations, these allegations lack a factual or legal basis.

      i.    *A notice of acceleration and notice of sale may be served simultaneously.*

Plaintiff attempts to avoid summary judgment by alleging for the first time in his response a party cannot send a notice of acceleration and notice of sale simultaneously.[15] There is no requirement in the Texas Property Code requiring a notice of acceleration and notice of sale to be sent separately or even that a party send a notice of acceleration.[16] *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *10 (S.D. Tex. Aug. 28, 2012) (holding the Texas Property Code required CitiMortgage to first send proper notices of default and intent to accelerate, then notice of acceleration and notice of foreclosure sale at least 21 days before the sale); *see Hutchinson v. Bank of Am.*, No. H-12-3422, 2013 WL 5657822 at *2-3 (S.D. Tex. Oct. 16, 2013) (holding the only requirements under the Texas Property Code are a notice of default and notice of sale), *aff'd*, 575 Fed. App'x. 443 (5th Cir. 2014) ("It suffices that the district court 'got it right' in every instance"); *see also Wood v. Bank of Am.*, No 4:14-cv-00073, 2015 WL 2378958, at *8 (N.D. Tex. April 23, 2015). Nationstar is entitled to summary judgment against plaintiff's claims.

---

[15] *See* pl.'s resp. ¶ 10, at 5.
[16] The Texas Property Code does not require a party to serve a borrower with a notice of acceleration. *See generally* Tex. Prop. Code § 15.002. The requirement notice of acceleration be given usually comes from the deed of trust. *See* Nationstar's mot, ex. B-1 ¶ 22.

> *ii. Plaintiff's allegations the notice of default is flawed lack legal merit and competent summary judgment proof.*

Plaintiff alleges Nationstar's motion for summary judgment should be denied because he disputes the notice of default's amount to cure.[17] Plaintiff has not produced competent summary judgment evidence raising a genuine issue of material fact the notice of default is inaccurate[18] or cited any legal authority for the proposition an allegedly inaccurate notice of default violates the Texas Property Code.[19]

> *a. Allegations a notice of default's amount to cure are inaccurate do not create liability under the Texas Property Code.*

Nationstar's summary judgment evidence establishes plaintiff is in default on the loan,[20] and Nationstar served plaintiff with notice of default and opportunity to cure.[21] Plaintiff does not dispute he has defaulted on the loan.[22] A notice of default is not ineffective if plaintiff admits he is in default but disputes the amount owed on the loan. *Powell v. Stacy*, 117 S.W.3d 70, 73 (Tex. App.—Fort Worth 2003, no pet.) (holding a plaintiff and defendant's dispute about the amount of principal and interest owed on the note before acceleration did not invalidate a notice of default and did not deny plaintiff the opportunity to cure when he admitted he was in default on the loan); *see Bassknight v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-cv-1412, 2014 WL 676908, at *7 (N.D. Tex. Dec. 1, 2014) (stating a notice of default reciting the incorrect amount of principal and interest is a minor defect that does not void a foreclosure sale as it relates to plaintiff's allegations a pre-foreclosure notice was invalid). Plaintiff's allegation "the notice of default and

---

[17] *See* p.'s resp. ¶ 11, at 6.
[18] *See generally* pl.'s resp.
[19] *See generally* pl.'s resp.
[20] Nationstar's mot, at 1, 3, ex. B ¶ 7.
[21] Nationstar's mot. at 7-8.
[22] Plaintiff admits the loan is in default in his late and ineffective responses to Nationstar's requests for admission discovery responses. Ex. 1, pl.'s resp. to req. for admis. no. 6.

acceleration is flawed"[23] lacks any basis in the law.  Nationstar's motion for summary judgment should be granted.

> **b.  *Plaintiff relies on incompetent summary judgment evidence, and Nationstar moves to strike and objects to the same.***

Plaintiff alleges the notice of default is inaccurate by $91,450.94 based on a print off from the Montgomery County Tax Office and an October 9, 2013 letter from Nationstar.[24] Nationstar objects to these documents as inadmissible hearsay and moves to strike them from the summary judgment record.  Rule 56(c) provides that a party asserting that a fact is genuinely disputed must support the assertion by, among other things, citing to particular parts of materials in the record, including depositions and documents, affidavits or declarations.  Fed. R. Civ. P. 56(c)(1)(A).  At the summary judgment stage, summary judgment evidence must be admissible at trial, although it does not need to be in admissible form.  *See Celotex Corp. v. Carett*, 477 U.S. 317, 324 (1986).  However, the proponent of the evidence has the burden to either present the evidence in admissible form or explain the admissible form that is anticipated.  Fed. R. Civ. P. 56 ¶ 12, 2010 Notes of Advisory Committee.  The other party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  FED. R. CIV. P. 56(c)(2).  Plaintiff's exhibits two, three, and four are not presented in admissible form.  Documentary evidence must be authenticated under Rules 901 or 902 of the Federal Rules of Evidence.  *See e.g., Amoco Prod. v. U.S.*, 619 F.2d 1383, 1391 (10th Cir. 1980).  As none of these exhibits are self-authenticating, plaintiff must present evidence under Rule 901 showing that the documents in question are what he claims they are.  *Id.*  Plaintiff presents no evidence of any kind to satisfy the requirements of Rule 901.  Nor does plaintiff explain how he will do so at the time of trial.  Exhibits two, three, and four are inadmissible hearsay because they are out of

---

[23] Pl.'s resp. at 6 ¶ 12.
[24] Pl.'s resp. at 6 ¶ 12; pl's resp. exs. 3-4.

court statements offered for the truth of the matter asserted.[25] Fed. R. Evidence 801(c), 802. Plaintiff has failed to establish his burden to show the admissibility of exhibits two, three, and four, and Nationstar objects to these documents and moves to strike them from the summary judgment record.

Plaintiff further has failed to produce competent summary judgment evidence establishing the notice of default is inaccurate. Plaintiff has not produced any evidence showing he paid the disputed taxes or insurance.[26] Plaintiff has not raised a genuine issue of material fact the disputed taxes and insurance are included in the notice of default.[27] Plaintiff has not explained how the notice of acceleration is incorrect by $91,450.94—even adding the disputed payments does not amount to this much.[28] The court has further dismissed any of plaintiff's allegations regarding the escrow account.[29] Plaintiff has failed to raise a genuine issue of material fact Nationstar did not breach Chapter 51 of the Texas Property Code.

## IV. PLAINTIFF'S DEEMED ADMISSIONS

Plaintiff has not complied with proper procedural rules to withdraw his deemed admissions, and Nationstar can prevail on summary judgment without considering plaintiff's deemed admissions.

---

[25] *See* pl.'s resp. at 6 ¶ 12; *see* pl.'s resp. exs. 3-4.
[26] *See generally* pl.'s resp.
[27] *See generally* pl.'s resp. In fact, the October 9, 2013 letter cited by plaintiff states Nationstar refunded plaintiff for insurance after he submitted proof of his own. Pl.'s resp., ex 4.
[28] *See generally* pl.'s resp. Plaintiff alleges the notice of default is inaccurate because of the 2011 and 2010 taxes. Pl.'s resp. at 6 ¶ 12. Based on the exhibit provided by plaintiff, the 2011 and 2010 taxes amount to $63,113.72. Pl.'s resp., ex. 3.
[29] Plaintiff asserted a cause of action for negligence alleging Nationstar "failed to perform its duties as mortgage servicer. Defendant avoided and evaded Plaintiff's inquiries about . . . loan payment history, including interest rate changes and insurance escrow impounds held and/or paid." *See* pet. ¶ 6.6. Plaintiff's negligence claim was dismissed pursuant to the court order granting in part Nationstar's motion to dismiss. *See* order at 4-6.

A. **Plaintiff's admissions are deemed admitted, and plaintiff has not moved to withdraw his admissions.**

A party seeking to set aside admissions must file a motion to withdraw or amend deemed admissions—not simply serve the late responses on another party. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *Williams v. Wells Fargo Bank, N.A.* 560 Fed. Appx. 233, 244 (5th Cir. 2014). The Fifth Circuit recently stated "[w]e have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *Williams*, 560 Fed. Appx. at 244. To withdraw an admission, the Federal Rules of Civil Procedure require the court to find withdrawing the admission: "1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in the presentation in its case." *Id.* Even if these factors are met, a court has discretion to deny a motion to withdraw deemed admissions. *Id.*

Plaintiff's responses to Nationstar's requests for admissions remain admitted as plaintiff has not followed the proper procedural requirements to withdraw his deemed admissions. Plaintiff's responses to Nationstar's requests for admissions were deemed admitted when plaintiff failed to respond to the request within thirty days of service.[30] Fed. R. Civ. P. 36(b); *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Plaintiff's allegations Nationstar had an obligation to contact plaintiff regarding obtaining responses to admissions, Nationstar was required to file a motion to deem admissions, and "Planitiff's service of responses to admission on Defendant on August 10, 2015 cures the defect of Plaintiff's missing responses to admissions" all lack merit.[31] *See* Fed. R. Civ. P. 36(b); *see Hill*, 197 F. App'x at 336; *Hulsey*, 929 F.2d at 171; *In re Carney*, 258 F.3d at 419; *Williams*, 560 Fed. Appx. at 244. Plaintiff's admissions remain admitted, and Nationstar can rely on the same.

---

[30] *See* Nationstar's mot. at 4-5.
[31] *See* pl.'s resp. ¶ 12, at 6.

Further for the reasons stated in section IV(B) *infra*, any request to withdraw plaintiff's deemed admissions should be denied because withdrawing plaintiff's admissions would not serve the presentation of the case on its merits. *See Williams*, 560 Fed. Appx. at 244.

**B.  Nationstar is entitled to summary judgment regardless of plaintiff's responses to Nationtar's requests for admission.**

Nationstar is entitled to summary judgment without considering plaintiff's responses to Nationtar's requests for admission. Nationstar relied on plaintiff's deemed admissions solely to establish plaintiff received Nationstar's notice of default and notice of sale.[32] Whether plaintiff received Nationstar's notice of default and notice of sale are irrelevant to whether Nationstar complied with Chapter 51 of the Texas Property Code. *See King*, 2008 WL 2764523, at *2-3 ("whether the debtor actually receives the notice is irrelevant for statutory purposes"); *see also Hutchinson*, 2013 WL 5657822 at *3 ("Plaintiff's claim that he did not receive the notice of sale does not overcome BOA's prima facie proof of service"). Nationstar is entitled to summary judgment because the summary judgment evidence conclusively establishes Nationstar sent plaintiff a notice of default providing plaintiff with more than twenty-one days to cure before it sent plaintiff a notice of sale.

**V.  NATIONSTAR'S OBJECTION TO PLAINTIFF'S PRAYER**

Nationstar objects to plaintiff's prayer in that he seeks "an order that Defendant take nothing by way of this suit."[33] Nationstar notes that plaintiff has not moved for judgment or sought an order that Nationstar take nothing by way of this suit. This request for relief is not properly before the court, and the court cannot grant the same.

---

[32] *See* Nationstar's mot. at § VI(A), n.31, n. 35
[33] Pl.'s resp. at 6.

## VI. PRAYER

Nationstar requests this court enter summary judgment in Nationstar's favor, that plaintiff takes nothing by way of his claims, and for any and all other relief to which Nationstar shows itself justly entitled.

Date: August 24, 2015

Respectfully submitted,

*/s/ Walter McInnis*
Walter McInnis, *Attorney-in-Charge*
SBN: 24046394, FBN: 588724
C. Charles Townsend, *Of Counsel*
SBN: 24028053, FBN: 1018722
Lauren E. Hayes, *Of Counsel*
SBN: 24081961, FBN: 2284655
walter.mcinnis@akerman.com
charles.townsend@akerman.com
lauren.hayes@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANT NATIONSTAR MORTGAGE LLC**

Nationstar's Reply in Support of its Motion for Summary Judgment
Civil Action No. 4:14-cv-03091; *Ghanem v. Nationstar Mortgage, LLC*
Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2015, a true and correct copy of the foregoing document was served as follows:

**VIA ECF**
LaToya Jarrett
Shackelford & Associates, L.L.C.
1406 Southmore Blvd.
Houston, Texas 77004
jarrett.latoyap@gmail.com

*Attorney for Plaintiff*

                                         */s/ Walter McInnis*
                                         Walter McInnis

Case 4:14-cv-03091   Document 19   Filed on 08/24/15 in TXSD   Page 11 of 11

Nationstar's Reply in Support of its Motion for Summary Judgment
Civil Action No. 4:14-cv-03091; *Ghanem v. Nationstar Mortgage, LLC*
Page 11 of 11