## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FADI G. GHANEM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3091 |
| | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant Nationstar

Mortgage, LLC ("Nationstar").  Dkt. 17.  Having considered the motion, response, reply, record

evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

On September 28, 2007, plaintiff Fadi G. Ghanem entered into a contract with Lehman Bros.

Bank, F.S.B., to purchase a house at 38 West Braes Bridge Circle, Spring, Texas.  Dkt. 17, Ex. B2.

Ghanem contends that he timely made his house payments through January 2011, but that some

unexpected changes in income in 2011 caused him to contact Aurora Bank, F.S.B., about loan

alternatives.  Dkt. 1-2.  According to Ghanem, Aurora Bank, F.S.B., went bankrupt at some point

thereafter and transferred the mortgage loan to Nationstar.  *Id.*  Nationstar is the mortgage servicer,

and it sent Ghanem a notice of default on June 12, 2013, and a second notice of default on May 8,

2014.  Dkt. 17, Ex. B.  The May 8, 2014 notice advised that Ghanem had until June 7, 2014, to cure

the default (30 days), and stated that Nationstar would accelerate the entire sum of the principal and

interest if Ghanem failed to cure.  Dkt. 17, Ex. B, Ex. 4.  On June 10, 2014, Nationstar's foreclosure

counsel sent Ghanem a notice of acceleration and posting, which advised that Nationstar elected to accelerate the debt and that a trustee's sale was scheduled for July 1, 2014 (21 days). Dkt. 17, Ex. C, Ex. 1. Concurrently with this letter, Nationstar's foreclosure counsel provided a notice of trustee's sale. *Id.* Notwithstanding this notice, as of July 17, 2015, a foreclosure sale had not occurred. Dkt. 17, Ex. B.

Ghanem filed this lawsuit in Texas state court on October 4, 2014, contending, among other claims, that Nationstar did not abide by Chapter 51 of the Texas Property Code because it issued the notice of default and the notice of the sale at the same time. Dkt. 1-2. Nationstar removed the case to this court on October 29, 2014. Dkt. 1. Nationstar filed a motion to dismiss on November 5, 2014, and the court granted the motion as to all causes of action except the Texas Property Code claim on April 28, 2015. Dkts. 5, 14. With regard to the Texas Property Code claim, the court held that Ghanem's factual allegation that Nationstar provided the notice of default and notice of sale simultaneously was sufficient to meet the pleading standard. *See* Dkt. 14 at 9–10.

Nationstar now moves for summary judgment on Ghanem's Texas Property Code claim. Dkt. 17. Nationstar argues first that Ghanem did not timely respond to Nationstar's requests for admission and the requests, which establish that Nationstar did not violate the Texas Property Code, are deemed admitted. *Id.* Nationstar also asserts that even if the requests for admission were not deemed admitted, there is no evidence that it violated the Texas Property Code. *Id.* Ghanem responds that Nationstar did not contact his counsel about responding to the requests for admission and that his late responses cure any prejudice under Federal Rule of Civil Procedure 36(a). Dkt 18. With regard to the merits of his claim, Ghanem contends that the notice of acceleration and sale were

served simultaneously and prior to resolving escrow errors in his account, which Ghanem asserts is a violation of the Texas Property Code.  *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Deemed Admissions

Under Federal Rule of Civil Procedure 36(a)(3), after a party receives requests for admission:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).  Under Rule 36(b),

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or

> amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b). Here, Ghanem admits that he did not timely serve responses to the requests for admission. *See* Dkt. 18 at 6 (admitting that the responses were served on August 10, 2015). His excuse for failing to timely respond is that Nationstar's counsel did not contact his counsel about the responses, and he argues that the defect was cured by serving the late responses. *See id.*

Under the plain language of the rule, the court may permit withdrawal of deemed admissions if (1) there is a motion requesting that the deemed admissions be withdrawn or amended; (2) allowing withdrawal promotes presentation of the merits; and (3) allowing withdrawal would not prejudice Nationstar. While certainly permitting withdrawal of the deemed admissions and allowing Ghanem's late responses would promote presentation of the merits, Ghanem has not officially *moved* to withdraw his admissions and, even if he had, at this late stage it would prejudice Nationstar. Nationstar has already moved for summary judgment based on the deemed admissions.

It was not Nationstar's duty to contact Ghanem's counsel and ask for responses. It was Ghanem's counsel's responsibility to timely respond to the requests as required by the rules, and failing to respond to requests for admission has dire consequences. Thus, to the extent Ghanem's argument could be construed as a motion to withdraw the deemed admissions, it is DENIED. Based on the deemed admissions, which taken together indicate that Nationstar complied with section 51.002(d), Nationstar's motion for summary judgment is GRANTED.

4

B.      **Merits**

Even without the deemed admissions, Nationstar is entitled to summary judgment. Ghanem contends that under the Texas Property Code the 20-day notice of default must be separate and independent of the 21-day notice period required for notice of sale and that here both notices were served simultaneously. Dkt. 18. He additionally asserts that the notice of acceleration and sale were served simultaneously and prior to resolving escrow errors in his account. *Id.* Nationstar contends that the Texas Property Code does not require that the notice of acceleration and notice of sale be sent separately and that whether the amount to cure is in dispute does not render the notice of default ineffective under the Texas Property Code. Dkt. 19.

Subsection 51.002(b) of the Texas Property Code requires that the notice of sale be given at least 21 days before the date of the sale. *See* Tex. Prop. Code Ann. § 51.002(b). Subsection 51.002(d) states:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in compute the 20-day notice period.

Tex. Prop. Code. Ann. § 51.002(d). Thus, the notice of default must be given 20 days before the notice of sale, and the notice of sale must be given 21 days before the sale. Here, the undisputed evidence shows that the notice of default was provided more than 20 days before the notice of acceleration and posting and notice of sale, and the notice of acceleration and foreclosure sale was

provided 21 days before the scheduled sale (which never actually occurred). *See* Dkt. 17, Ex. B.,

Ex. 4 (May 8, 2014 notice of default); Dkt. 17, Ex. C, Ex. 1 (June 10, 2014 notice of acceleration

and posting with attached notice of foreclosure sale, scheduled for July 1, 2014). Ghanem's

complaint seems to be that the notice of acceleration should not have been served simultaneously

with the notice of sale. The cited provisions of the Texas Property Code, however, do not address

when a notice of acceleration should be sent.

Ghanem also argues that the amount to cure in the notice was incorrect and that the

acceleration and notice of sale were sent before the dispute regarding the amount was resolved.

Dkt. 18. Specifically, Ghanem contends that Nationstar failed to credit his escrow account for taxes

and insurance paid in 2010 and 2011 and that the face of the notice of default and acceleration is thus

flawed. *Id.* As evidence, Ghanem provides (1) a computer printout from the Montgomery County

Tax Office purporting to show that Ghanem paid $29,593.37 in taxes in 2010 and $33,520.35 in

taxes in 2011, and (2) an October 9, 2013 letter from Nationstar stating that Aurora Bank, not

Ghanem, paid these amounts. Dkt. 18, Ex. 3.

Nationstar moves to strike the computer printout and letter as inadmissible hearsay. Dkt. 19.

Ghanem did not respond to the motion to strike. Under Local Rule 7.4, the motion is thus treated

as unopposed. S.D. Tex. L.R. 7.4. Nationstar's motion to strike these exhibits is thus GRANTED.

Moreover, even if the court were to rely on this evidence, it would not create an issue of material

fact. At best, it shows that there was an unresolved dispute regarding the amount due as of October

9, 2013. There is no evidence linking this dispute to an error in the amount due on the second notice

of default, which was not sent to Ghanem until May 8, 2014. Additionally, Ghanem has provided

the court with no authority indicating that if the amount were incorrect it would be a violation of

section 51.002.  Thus, viewing the evidence presented in the light most favorable to Ghanem, no reasonable juror could conclude that Nationstar violated section 51.002.

### IV. CONCLUSION

Nationstar's motion for summary judgment (Dkt. 17) is GRANTED.  The motion to strike Ghanem's summary judgment evidence contained within Nationstar's reply (Dkt. 19) is also GRANTED.  A final judgment will be issued concurrently with this memorandum opinion and order.

Signed at Houston, Texas on October 7, 2015.

_____
Gray H. Miller
United States District Judge